CHERVENKA ET AL., APPELLANTS, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 31301—Decided November 24, 1972.)

*Mr. John R. Climaco,* for appellants.
*Mr. Richard R. Hollington,* law director, for appellees.

## I.

DAY, J. This case comes here on appeal from a ruling by the Court of Common Pleas, Cuyahoga County, Ohio, in an action for declaratory judgment.[1]

In the course of this opinion the plaintiff-appellants and the defendant-appellees will be referred to as "plaintiffs" and "defendants," respectively.

## II.

The plaintiffs are three qualified, regular, classified, civil service employees of the city of Cleveland. They are skilled craftsmen. All three were laid off from the Department of Public Safety on January 1, 1971.[2] Other employees with less seniority in the same classifications, but employed in divisions or departments other than Public Safety, were not laid off.[3]

The judgment entry of the trial court included the finding that the plaintiffs were:

". . . laid off . . . because of lack of funds and that the plaintiffs were the senior employees within their respective classifications within the city of Cleveland, but that they were not senior within their respective divisions of employment."

The court further found that Rules of the Civil Service Commission provide for divisional seniority "in accordance with the Charter of the City of Cleveland," that the seniority of the present plaintiffs was not city-wide and, therefore, that the rules of the Civil Service Commission providing seniority by division were valid and the lay-offs proper.

---

[1]The plaintiffs' statement of fact in their brief in chief is neither supplemented, countered or contradicted by the defendants. All the allegations of the complaint, paragraphs 1-22, are admitted by the answer of the defendants except paragraphs 9, 10, and 15. An examination of the bill of exceptions (transcript of proceedings, App. R. 9) indicates that it is composed entirely of stipulated material plus the arguments of counsel.

[2]Chervenka and Stasiuk are painters carrying appointment dates of October 8, 1952, and June 29, 1953, respectively. Robert Winter is a sheet metal worker appointed on April 15, 1953.

[3]So far as this court is advised, there has been no change in lay-off status since January 1, 1971 altering the fact recital.

## III.

The plaintiffs state their single assignment of error in these terms:

"The trial court erred in ruling that the Charter of the City of Cleveland and the Rules of the Civil Service Commission provide for divisional seniority and divisional lay offs and not job classification seniority and lay offs by job classifications on a city-wide basis."

In fact the ruling of the trial court encompasses two issues. One, whether the Rules of the Civil Service Commission establish only divisional seniority for lay-off and recall purposes; and two, whether such divisional seniority as established, is compatible with the Charter.

With the decisional problem in this posture, we turn to the relevant provisions of the Charter of the City of Cleveland[4] and Rules of Cleveland Civil Service Commission.[5]

## IV.

The most important charter provision from the standpoint of the present appeal is Section 134. The rule of consequence is Rule 8.00 and especially paragraphs 8.10, 8.20, 8.21, 8.22 and 8.23.

Section 134 of the Charter provides in relevant part:

". . . Any person appointed from an eligible list *laid off for lack of work or appropriation shall be placed at the head of such eligible list and shall be eligible for reappointment for the period of eligibility* provided by the rules of the commission." (Emphasis supplied.)

This section of the charter is one most directly related

---

[4] Civil service regulation is a power of local self-government vouchsafed a city which has adopted a charter regulating such matters under the "home rule" provisions of the Ohio Constitution. The regulation must not conflict with the state constitutional standards affecting civil service. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 195-196, 151 N. E. 2d 722. There is no issue of state constitutional violation in the instant case.

[5] The issues pose questions of charter and rule construction. Neither party cites cases touching these points of construction. Apparently the failure to cite was not a matter of choice. The issues appear to be of first impression.

to "lay-offs." The "eligible list"[6] referred to clearly is a classification list. Nowhere is there a reference to a divisional list. (See fn. 6.)

In the rules promulgated by the Cleveland Civil Service Commission we find only three references to divisions or departments of the defendant city[7] except in Rule 8.00. These references are not relevant to the lay-off and recall seniority question at issue in the present case. Rule 8.00, on the other hand, in five of its paragraphs speaks directly to the question of the seniority rights of employees in the lay-off status of the present plaintiffs.

The substance of the relevant parts of those five paragraphs is summarized rather than repeated verbatim:

1. *8.10 Transfers.* When an appointee is transferred from one division to another it must be to the same or an equivalent position with exceptions under specified conditions. Seniority in the division to which transfer is made dates from the date of transfer unless the commission, for good cause, directs that seniority of the transferee extend from the "date of the original regular appointment in the classification concerned."

2. *8.20 Lay-offs.* Lay-offs are permissible by the appointing authority when a reduction in force is necessary. Such lay-offs from classifications within a division are in the inverse order of appointment in the classification except when otherwise approved by the commission for good cause shown.

3. *8.21 Placement on Lay-off and Eligible Lists.* Persons laid off for lack of work or funds are placed at the head of their classification eligibility list in the order of appointment in the classification which they hold at lay-off. Appointees laid off under this procedure remain eligible for

---

[6]Section 127 enjoins the Civil Service Commission "to make" and, "when necessary" authorizes it to amend rules for "lay-off" and "reinstatement" with the further mandate in Section 128(k) to reinstate "*on the eligible list* within one year" persons separated from the service or reduced in rank "without fault or delinquency on their part." Furthermore every reference in Chapter 27 of the Charter of the City of Cleveland (Sections 124-142) to a "list," is, in context, a reference to a classification eligibility list.

[7]Rules 6.60, 6.81, and 6.83.

certification and re-appointment for two years thereafter.

4. *8.22 Divisional Lay-off Lists.* A lay-off list is established, when necessary, for each classification in the division in which the laid-off appointee worked. Every regular appointee laid off is placed on such divisional lay-off list for a period of two years from date of lay-off and if within that period the appointing authority determines to fill a position in the classification in the division, he "shall re-employ" the person first on the lay-off list.

5. *8.23 Reemployment.* A laid-off appointee on a classification eligibility list and a divisional lay-off list may, during lay-off, accept certification and appointment to another position covered by the "eligible" list. Such appointment removes the name of the appointed person from the eligibility list. When a person is re-employed from "a lay-off list as herein provided," his name comes off both the "eligible" and "lay-off" lists.

It is patent that Section 134 requires laid-off employees to be placed on an "eligible" list and, in context, this means a classification eligibility list. However, the charter section does not forbid divisional lay-off lists. That subject is not touched in the charter unless reference to it can be inferred from Section 127 which requires the commission to make and, as necessary to amend, rules for lay-off and reinstatement. (See fn. 6.)[8] We find no reasonable basis for any inference reaching divisional lay-off lists (either requiring or forbidding them) in Section 127.

Rule 8.00 is an apparent response to Section 127 and cannot be said to be beyond Civil Service Commission authority unless the operation of the divisional list under that rule is so at odds with the charter civil service objectives as to be in violation of the charter and, therefore, invalid.

## V.

The positions of the parties on the issues boil down to this:

The plaintiffs argue that the principle of civil service

---

[8]Section 127(k) of the charter deals only with reinstatement to "the eligible list"—an obvious reference to a classification, not divisional, list.

is, or can be, frustrated if classification seniority is not followed. In their view the charter and the rules and regulations of the Civil Service Commission require that an employee in any one of the classifications in issue shall be, when laid off, returned to the top of the general eligibility list from which he came when hired. At the same time such an employee must be put on a "lay-off" list in the division, *e. g.*, water, parks, etc., from which he was laid off. In effect, the latter is a recall list. It is the further view of the employees that upon layoff from the division in which he is working the skilled employee must be able to use his seniority to bump a junior man in another division. Should his former division expand its force he must be entitled to an option to return to that division. If he fails to exercise his option, he loses the right to return. Assuming that a laid-off man could find no one junior to himself in any other division, he would at least be retained at the top of the eligibility list for his classification. Under the regulations it is claimed he would retain such eligibility for two years[9] after the lay-off.

The defendants' position is this: There is no classification seniority. It is divisional[10] only. And when a man is moved from one division to another he does not carry with him the seniority dictated by his original hiring date unless the commission, in its discretion, grants him the right. There are no bumping rights. When a man is laid

---

[9]Even under the employees' view a man senior to everyone who was laid off could be manipulated out of employment by going to the head of the eligibility list but not being called back within the two-year period. This is possible because hires from the eligibility list (and presumably recalls) can come from any one from the top three of the list. Thus, the employer has the opportunity, whether or not he has the impulse, to hire around the senior laid-off man at least twice. This opportunity for manipulation is limited if the employees are correct in their contention that the employee is also entitled to be placed on a divisional lay-off list for his division and to bump into other divisions with an option for recall if expanding employment reaches his position on the divisional list. This is so because employees are recalled in the reverse order of lay-off.

[10]Apparently "Divisional" and "Department" have equivalent meanings for seniority purposes.

off, he retains seniority in the division in which he was working at the time of layoff for two years and goes back on the classification eligibility list. The hiring authority, in the event his old division expands during the two-year period, "shall re-employ" him according to seniority in his classification in that division. However, if his rehire depends on certification to another job in another division or department, he need not be rehired at all until, at the city's discretion, two other persons in the top three on the eligibility list have been rehired or have declined employment. The city concedes that eligibility lists are made up by classification but contends that the system of hiring and the operation of seniority as described by it conforms to both the charter and the regulations.

## VI.

There is no claim here that the plaintiffs' lay-offs were made in an attempt to manipulate them out of jobs contrary to civil service objectives. The effect of the plaintiffs' argument is to point out the possibility of abuse under the existing rules and to urge this court, in effect, to block, or at least limit, that possibility not by prohibiting all divisional seniority but by enlarging it through interpretative expansion. Specifically, plaintiffs would have this court add to the substance of the rules of the civil service commission. As proposed this addition would provide classification seniority from original hiring date (in addition to present classification priority for two years for recertification after lay-off) and classification bumping by seniority between divisions and departments, as well as what presently amounts to limited divisional seniority.[11]

Section 134 of the charter would not prevent the reforms which the plaintiffs propose. Neither does that section, nor any other in the charter, compel them. There is great appeal in the argument that employees with the plaintiffs' long seniority should not be laid off while employees of no more skill and much less time in the service remain on the job. However, the elimination of this hardship does

---

[11] Rule 8.22—Division recall seniority by classification for a period of two years from the date of lay-off.

not of itself appear to be one of the objectives which the civil service system of Cleveland was designed to prevent. At very least the charter does not compel such prevention although there is no apparent impediment to the Commission's promulgating rules[12] correcting the condition which the plaintiffs contend exists.

## VII.

The merits of a complaint which the civil service rules do not reach and the charter does not compel do not enlarge this court's authority to act. We have neither the expertise nor the authority to draft civil service rules. Nor can we anticipate abuse. It will be time enough to consider judicial intervention when and if the potential for abuse by manipulation of lay-offs is realized by actual occurrence. At the moment there is not even a contention that these plaintiffs are victims of manipulation. Presently the whole complaint in existence, as contrasted with potential existence, stems from lay-offs of these plaintiffs by a reduction in force even though they have longer records of employment with the city of Cleveland than some employees in other divisions who were not laid off. Our review of the charter and the rules indicates that the correction of this condition is not mandated by the charter nor encompassed by the rules of the Commission.

For reasons already adduced this is not a situation the courts can remedy. The plaintiffs' recourse must be either to the Civil Service Commission for rule amendments or to charter amendment procedure.

*Judgment affirmed.*

WASSERMAN, C. J., and MANOS, J., concur.

---

[12]Cf. Charter of the City of Cleveland, Sections 128 (k) and 134.